UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
CARLOS E. RUIZ,  :  04 Civ. 08900 (RJH)
:
               Plaintiff,  :
:
   -against-  :  **MEMORANDUM OPINION**
:         **AND ORDER**
:
E-J ELECTRIC CO.,  :
:
               Defendant.  :
:
------------------------------------------------------------x

       Plaintiff Carlos E. Ruiz ("Ruiz"), proceeding *pro se*, brings this employment discrimination action against E-J Electric Installation Co. ("E-J"), contending that E-J unlawfully discriminated against him on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et. seq.[1]  E-J now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's claim is time-barred because (1) plaintiff failed to file a complaint with the EEOC within 300 days of the alleged discriminatory conduct; and (2) plaintiff failed to file this case within 90 days of receiving a right to sue letter from the EEOC.  For the reasons set forth below, the Court grants the motion, dismissing the case without prejudice and granting leave to plaintiff to file an amended complaint within 30 days.

**I.     Background**

       In deciding a motion to dismiss, the Court must "accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor."  *Scutti Enterprises v. Park Place Entertainment Corp.*, 322 F.3d 211, 214 (2d Cir. 2003).  The following facts are taken from the

---

[1] Plaintiff identifies himself as a person of color and a native of Guatemala.

complaint and are assumed to be true. Plaintiff has worked as a temporary sound engineer for E-J since 1985.[2] Ruiz's last day of employment with E-J, which has been "on and off as needed," was May 13, 2005. (Pl. Opp. Memo. at 1). Plaintiff now claims that as late as 2003, E-J led him to believe that he was a "strong contender" for various positions, yet failed to hire him permanently (with the attendant benefits) some twenty-eight times. (*See* Pl. Compl. at 3; Charge of Discrimination (EEOC Form 5); Pl. Opp. Memo. at 1; *cf.* Pl.'s Letter to the Court, May 12, 2005 (alleging that E-J bypassed him more than twelve times)).

Reading the complaint liberally, the Court finds three specific allegations. First, plaintiff alleges that on April 2, 2001 E-J hired Martin Stumpf instead of plaintiff, despite the fact that plaintiff had been covering the position given to Stumpf for the previous two years. (Pl. Opp. Memo. at 2; Def.'s Memo. Supp. Mot. Dismiss at 2–3). Second, plaintiff alleges that when he again applied for the position once Stumpf resigned several months later, his application was rejected, allegedly because E-J implemented a position-specific hiring freeze. These events appear to have occurred on or before March, 2002. (Pl. Opp. Memo. at 2). Finally, plaintiff alleges that he met with a union representative and the president of E-J on April 4, 2003, at which time he claims his "rights [were] violat[ed]" by the union representative's failure to represent his interests and E-J's hiring practices. (Pl.'s Aff. Supp. Compl.).

On April 29, 2003, plaintiff filed charges against E-J with the EEOC, alleging continuing discrimination from April 2, 2001 through April 4, 2003. Plaintiff's EEOC claim was acknowledged received by Ricardo E. Jones, an investigator with the New York District Office of the EEOC, on May 19, 2004. By letter dated June 17, 2004, the EEOC communicated to plaintiff that, although it would not initiate a claim on his behalf, he could do so on his own

---

[2] E-J provides various communications services to the United Nations Headquarters. (Def.'s Memo. Supp. Mot. Dismiss at 1).

within 90 days of receiving the letter. It appears that plaintiff received this letter on June 21, 2004.[3] This action followed on September 16, 2004, and E-J moved to dismiss on April 8, 2005.

## II. DISCUSSION

### A. Legal Standards

Several well-established principles will govern the resolution of E-J's motion. First, "[a] court may dismiss a complaint [pursuant to Fed. R. Civ. P. 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citation omitted). For this reason, in considering a 12(b)(6) motion, the court is not to evaluate the strength of the evidence adduced in support of the complaint, but "merely to assess the legal feasibility of the complaint . . . ." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (citation omitted); *see also Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003). Second, a plaintiff who has alleged employment discrimination "need do nothing more than furnish 'fair notice' of her claim and 'the grounds upon which it rests.'" *Galvez v. N.Y. Mortgage Co.*, 2005 U.S. Dist. LEXIS 19053, at *11 (S.D.N.Y. Sept. 1, 2005). Finally, the complaints of plaintiffs who proceed *pro se* "however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers and are to be construed liberally on a motion to dismiss." *Oparaji v. New York City Dep't of Educ.*, 2005 U.S. Dist. LEXIS 13043, at *15 (E.D.N.Y. June 14, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)). Keeping those principles in mind, the Court turns to the merits of E-J's motion.

---

[3] Although plaintiff's Complaint indicated that he had *received* a Right to Sue letter on June 17, 2004, he asked to correct that error in his letter to the court dated May 5, 2005, now indicating that he received the letter on June 21, 2003. Since it is unlikely that Plaintiff received the letter on the same day that it was mailed (as indicated in the Complaint) and since it is even more unlikely that he received it almost a year before it was mailed (as indicated in the May 5, 2005 letter to the court), the most liberal construction of Ruiz's pleading – bearing in mind his level of proficiency in English and the fact that he is not represented by counsel – is that he was right about the year the first time and the day the second time, and that he received the letter on June 21, 2004.

3

## B. Filing Requirements of Title VII Employment Discrimination Claims

Under 42 U.S.C. §2000e-5(e)(1) and (f)(1), an aggrieved worker who wishes to bring an employment discrimination action faces two filing requirements: first, he or she must file a charge with the EEOC within 300 days of the alleged discriminatory employment practice, *AMTRAK v. Morgan*, 536 U.S. 101, 109 (2002); and, second, if the agency authorizes the aggrieved worker to bring suit on his or her own behalf, he or she must file an employment discrimination complaint within 90 days of receiving such authorization from the EEOC, *see Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter"). E-J argues that plaintiff cannot meet either requirement. The Court will consider them in turn.

## C. Has Plaintiff Alleged a Discriminatory Act Occurring within 90 Days of September 16, 2004?

As noted, *supra*, at note 2, plaintiff alleges that he received the EEOC's right to sue letter on June 21, 2004, 87 days before he filed the complaint against E-J on September 16, 2004. Accordingly, the Court denies defendant's motion on this first ground, which leaves just the question of the 300-day requirement.

## D. Has Plaintiff Alleged a Discriminatory Act Occurring After July 7, 2002?

Defendant argues that plaintiff's complaint fails to allege any discriminatory act within 300 days of April 29, 2003, the date on which he filed his EEOC complaint. The question, then, is whether plaintiff has alleged any act of discrimination occurring on or after July 7, 2002. As noted above, reading plaintiff's complaint liberally, the Court finds that plaintiff has alleged three instances on which he was unfairly treated: a failure to hire on April 2, 2001; a failure to hire in March 2002; and a meeting with E-J's president and a union representative on April 4,

4

2003. Neither the first nor the second alleged instance of discrimination occurred on or after July 7, 2002, and for that reason are time-barred.

The final instance of alleged discrimination is the April 4, 2003 meeting with the president of E-J and a union representative. Although this event falls within the 300-day requirement, plaintiff does not allege any fact that, if proven, would entitle him to relief. Specifically, plaintiff alleges that: "I believe that my rights have been violating [sic], I have been victimized by both, Local 1212 by lack of support and failure to stand on my behalf on the meeting we had with the president of the company on April 4, 2003. And in all these years; and E.J. Electric Installations hiring practices based on bias and deceit [sic]." (Pl.'s Aff. Supp. Compl.) The Supreme Court held in *Swierkiewicz* that a complaint need not allege all the facts necessary to make out a prima facie case of discrimination under the standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), stating that the essential elements of a prima facie case include allegations "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *See also Pierce v. Netzel*, 2005 U.S. App. LEXIS 19555 (2d Cir. Sept. 9, 2005). Rather, a complaint need include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8. *See Swierkiewicz*, 411 U.S. at 512.

Nonetheless, the Court cannot find in plaintiff's allegation regarding the April 4 meeting any basis on which plaintiff would be entitled to relief. *See Moscowitz v. Brown*, 850 F. Supp. 1185, 1190 (S.D.N.Y. 1994) ("Despite the liberality of [the standard for a 12(b)(6) motion dismiss], only the 'well-pleaded' factual allegations will be taken as true. Baldly conclusory statements *that fail to give notice of the basic events of which the plaintiff complains* need not be

credited by the court.") (dismissing Title VII claim for failure to comply with the statutory time requirements) (emphasis added) (citations omitted). To be sure, plaintiff's statement regarding the April 4, 2003 meeting would be sufficient if he had alleged that E-J's president engaged in *some sort of* discriminatory conduct at the meeting, such as a refusal to hire or promote to an identifiable position with respect to which a vacancy existed. But the only conduct alleged by plaintiff that pertains to the April 4, 2003 meeting is attributed by plaintiff to a union representative, not E-J's president.

Plaintiff's complaint must be dismissed because it fails to identity any discriminatory conduct by E-J at any time on or after July 2, 2002. Nonetheless, the Court is mindful that plaintiff filed his complaint *pro se*, and therefore will grant leave to file an amended complaint in the event that he has a basis for alleging actionable discriminatory conduct during the relevant time period.

## III. CONCLUSION

For the foregoing reasons, defendant's motion is granted and the case is dismissed without prejudice and plaintiff is granted leave to file an amended complaint within 30 days. The *pro se* office is available to answer plaintiff's questions, should he have any, with respect to either this opinion or the prospect of amending his complaint.

SO ORDERED.

Dated: New York, New York
November 8, 2005

Richard J. Holwell
United States District Judge